UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN HERMAN LEMANSKI, JR.,

          Debtor.
_____/

Case No. 21-49825

Chapter 7

Judge Thomas J. Tucker

KENNETH NATHAN, TRUSTEE,

          Plaintiff,

vs.

JOHN HERMAN LEMANSKI, JR., *et al.*,

          Defendants.
_____/

Adv. Pro. No. 22-4095

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the Court for a telephonic hearing on October 19, 2022, on the Defendants' motion for summary judgment (Docket # 11, the "Motion"). At the conclusion of the hearing, the Court took the Motion under advisement. For the reasons stated below, the Court will deny the Motion.

The Plaintiff in this adversary proceeding (the "Plaintiff") is the Trustee in the pending Chapter 7 case of Defendant John Lemanski. The Defendants are John Lemanski, his wife Heather Lemanski (who is not in bankruptcy) (together, the "Lemanskis"), and a Michigan limited liability company in which Mr. and Mrs. Lemanski are the members, *i.e.*, Defendant St. Clair Property Management Group, LLC (the "Defendant LLC").

In this adversary proceeding, the Plaintiff filed a seven-count complaint against the

Defendants, seeking to avoid and recover certain alleged fraudulent transfers and seeking other related relief. (Docket # 1). In their Motions, the Defendants seeks summary judgment against Plaintiff on all counts of Plaintiff's Complaint (Docket # 1).

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. In considering whether summary judgment should be granted for the Defendants, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56, which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018). Those standards include, among other things, the requirements that in deciding a summary judgment motion, (a) the Court "'must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party[,]'" *Schubiner*, 590 B.R. at 376 (citation omitted); and (b) the Court "must 'believe the evidence of the nonmovant, and draw all justifiable inferences in favor of the nonmovant.'" *Id.* at 377 (citations omitted).

2. On the current record in this case, the Court cannot grant summary judgment in favor of any of the Defendants on any of the counts in the Plaintiff's Complaint.

3. At least one of the reasons for this conclusion is that, ***at best*** from Defendants' standpoint, there is a conflict in the evidence as to whether, under the original Operating Agreement dated October 17, 2013 (the "Operating Agreement"),[1] including Sections 3.1 and 1.6 of that agreement, the Defendants each owned, individually rather than jointly in a tenancy by the

---

[1] A copy of this Operating Agreement appears as an exhibit to the Motion, at Docket # 11-8.

2

entireties, their membership share(s) in the Defendant LLC.

4. This is so even if the Court is permitted and required to consider all of the extrinsic evidence presented by Defendants in support of their Motion.[2] In the Court's view, that evidence *conflicts with* other evidence that the Court clearly must consider — including: (1) the wording of the Operating Agreement itself, including Sections 3.1[3] and 1.6 [4] of that agreement; (2) the fact that, with the assistance and advice of their current bankruptcy attorney, the Lemanskis found it necessary to execute the first "Amendment to Operating Agreement" (the "First Amendment"),[5] which according to the Lemanskis' Declarations, they executed on or about March 10, 2020, and the wording of that First Amendment; (3) the fact that, again with the assistance and advice of their current bankruptcy attorney, the Lemanskis found it necessary to

---

[2] Such evidence includes the Declarations of each of the Lemanskis (Docket ## 11-5 and 11-6), the Declaration of attorney Trevor J. Watson (Docket # 25-1), and the "Organizational Resolutions" attached to the Motion at Docket # 11-7.

[3] In ruling on the Plaintiff's objection to exemptions in the main bankruptcy case, the Court previously concluded, among other things, that "the unambiguous meaning" of Section 3.1 is that "the Debtor and his spouse each owned, individually rather than jointly, 1,000 membership shares in the [Defendant] LLC." *In re Lemanski*, 640 B.R. 910, 912 (Bankr. E.D. Mich. 2022).

[4] The Plaintiff argues that if the Defendant LLC were a partnership under Michigan law, as Section 1.6 of the Operating Agreement said the Lemanskis *intended*, then the Lemanskis could not have owned their interests in the Defendant LLC in a tenancy by the entireties. The Plaintiff argues that under Michigan law, an interest in a partnership cannot be held in a tenancy by the entireties. *See* Plaintiff's Brf. (Docket # 20) at 5. During the hearing, Defendants' counsel agreed that this latter point is "probably" correct, and stated that Michigan law does not provide for a partnership interest to be held in a tenancy by the entireties.

The wording of Section 1.6, therefore, is evidence that the Lemanskis did ***not*** intend to own their membership shares in the LLC in a tenancy by the entireties. Thus, the wording of Section 1.6 conflicts with the statements by the Lemanskis in their Declarations, about their intentions in this regard.

[5] A copy of the First Amendment appears at Docket # 11-9.

execute the "Second Amendment to Operating Agreement" (the "Second Amendment"),[6] which according to the Lemanskis' Declarations, they executed sometime between July 14, 2020 and August 17, 2020, and the wording of that Second Amendment.

5. For these reasons, the Court must deny the Defendants' Motion.

6. In the exercise of the Court's discretion under Fed. R. Civ. P. 56(f)(1), the Court declines the Plaintiff's request, made in its brief filed in response to the Defendants' Motion, to grant summary judgment in Plaintiff's favor.

For the reasons stated above,

IT IS ORDERED that:

1. The Defendants' Motion (Docket # 11) is denied.

2. Plaintiff's request that the Court enter summary judgment in Plaintiff's favor, as the nonmovant, based on Fed. R. Civ. P. 56(f)(1), is denied.

**Signed on October 20, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[6] A copy of the Second Amendment appears at Docket # 11-10.